**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4182

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN T. SIMPSON, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:15-cr-00810-PMD-1)

Submitted:  September 30, 2016        Decided:  October 4, 2016

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alicia Vachira Penn, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Dean Hodge Secor, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John T. Simpson, Jr., appeals the district court's judgment revoking his supervised release and imposing a sentence of 11 months of imprisonment. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal, but questioning the reasonableness of Simpson's sentence. We affirm.

A court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We review a district court's revocation decision for abuse of discretion. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015). Because Simpson admitted the violations of which the district court found him guilty, we conclude that the court's revocation decision was not an abuse of discretion.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (citing United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010)). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." Id. (internal quotation marks omitted) (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly

unreasonable, we must first determine whether it is unreasonable at all." Thompson, 595 F.3d at 546 (citing authorities). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors. See 18 U.S.C. § 3583(e); Thompson, 595 F.3d at 546-47. The district court's explanation of Simpson's sentence, which emphasized Simpson's repeated noncompliance with the terms of his supervised release, easily satisfies this standard.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Simpson, in writing, of the right to petition the Supreme Court of the United States for further review. If Simpson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simpson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3